

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# Brandeburg v. Corning Inc Pension

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brandeburg v. Corning Inc Pension" (2007). *2007 Decisions.* Paper 759.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/759

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3755
_____

KENNETH D. BRANDEBURG,

Appellant

v.

CORNING INCORPORATED PENSION PLAN
FOR HOURLY EMPLOYEES; MCMC LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-01314)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before:  FISHER and ROTH, *Circuit Judges*, and RAMBO,[*] *District Judge*.

(Filed: July 16, 2007)
_____

OPINION OF THE COURT
_____

[*]The Honorable Sylvia H. Rambo, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

This appeal arises out of an action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Kenneth D. Brandeburg appeals from a grant of summary judgment in favor of Corning Incorporated Pension Plan for Hourly Employees ("the Plan") and MCMC LLC ("MCMC"). MCMC, as administrator and ERISA fiduciary of the Plan, denied Brandeburg total and permanent disability benefits and the District Court concluded that the decision to deny benefits was neither arbitrary nor capricious. We agree with that conclusion and, for reasons that follow, will affirm the judgment of the District Court.

## I.

Because we write only for the parties, who are familiar with the facts and procedural posture of this case, we will provide only a brief synopsis of the background of the case. Brandeburg was employed as a finishing operator by Corning, Inc. for over twenty years. He stopped working in 2000 due to a heart condition and, in February 2001, submitted a claim for total and permanent disability benefits. Under the terms of the Plan, an individual is totally and permanently disabled when, based on medical evidence "satisfactory to the Pension Committee[,] he is found to be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long, continued and indefinite duration."

The total and permanent disability claim was accompanied by a statement from Brandeburg's treating physician, which stated that Brandeburg had been diagnosed with "idiopathic cardiomyopathy."[1]  Medical consultants retained by MCMC agreed with the diagnosis of cardiomyopathy.  However, they did not agree that Brandeburg's level of impairment rose to the level of the Plan's definition of totally and permanently disabled because they believed Brandeburg was capable of substantial gainful activity in the form of light or sedentary work.[2]  Consequently, MCMC denied Brandeburg disability benefits.

After several unsuccessful appeals to MCMC, Brandeburg commenced an ERISA action in the District Court seeking review of the ERISA-fiduciary's decision denying his application.  The parties moved for summary judgment because the facts established by the administrative record were undisputed.  The District Court denied Brandeburg's motion and granted the motion of the defendants-appellees.  Brandeburg filed a timely appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343.  We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the District Court's grant of summary judgment is de novo, employing the same legal standards

---

[1]"Cardiomyopathy" is a heart abnormality.  "Idiopathic" indicates that the cause of the abnormality is unknown.

[2]An independent medical examination determined that Brandeburg could work for eight hours in a position that involved sitting for eight hours and standing and walking for three hours.

3

applied by the District Court in the first instance. *See Courson v. Bert Bell NFL Player Retirement Plan*, 214 F.3d 136, 142 (3d Cir. 2000). The denial of benefits by an ERISA plan administrator or fiduciary is reviewed under the arbitrary and capricious standard. *See Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d Cir. 1997). Under that standard, "an administrator's decision will only be overturned if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 387 (3d Cir. 2000).

Brandeburg's sole argument on appeal is that MCMC and the District Court erred in denying him benefits by failing to consider the issue of whether a "risk of disability" rendered him disabled as defined by the plan. This argument, which relies on *Lasser v. Reliance Standard Ins. Co.*, 146 F. Supp. 2d 619 (D.N.J. 2001), *aff'd*, 344 F.3d 381 (3d Cir. 2003), is without merit. In *Lasser*, the district court observed that "insurers have failed to convince courts that risk of a heart attack in the future does not constitute a present disability . . . [and] the risk of a heart attack may be a disabling factor even though the claimant can sit, stand, or ambulate." 146 F. Supp. 2d at 628. However, *Lasser* is distinguishable as it involved an occupational disability policy as opposed to a general disability policy, the type of policy at issue in this case. An occupational disability policy "insures against loss of income due to the inability of insureds to engage in their regular or usual occupations, [and] is to be distinguished from a general disability policy, which provides benefits only to insureds who cannot engage in any occupation for which they are reasonably suited." *Id.* at 624. Thus, the issue in *Lasser* was whether the

4

plaintiff's return to his usual occupation as an orthopedic surgeon posed a risk of disability whereas the issue in this case is whether "any substantial gainful activity" would pose a risk of disability.

MCMC's medical consultants concluded that Brandeburg was capable of performing substantial gainful activity in the form of light and sedentary work. Brandeburg argues that he would be hazarding his well-being by returning to work against his doctor's recommendation. However, there is substantial record evidence to support a conclusion that he is capable of performing light-duty, sedentary work (as opposed to working his usual job as a finishing operator at Corning) without risking disability. The independent medical assessment of Brandeburg's estimated functional capacity concluded that Brandeburg was able to work for eight hours a day in a position that involved sitting for at least five hours. (App. 162). While Brandeburg's treating physician did opine that Brandeburg was "unable to . . . entertain any type of work," "plan administrators are not obliged to accord special deference to the opinions of treating physicians." *Stratton v. E.I. DuPont de Nemours & Co.*, 363 F.3d 250, 257-58 (3d Cir. 2004), quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 825, 834 (2003).

It is true that a plan administrator may not "arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician," *id.*, but the record in this case does not indicate that MCMC did so. Rather, it demonstrates that MCMC's medical consultants reviewed and considered the treating physician's assessment of Brandeburg's condition but ultimately disagreed with his conclusion that Brandeburg was

5

permanently disabled.  As we stated in *Stratton*, "a professional disagreement does not amount to an arbitrary refusal to credit."  363 F.3d at 258; *see also Schlegel v. Life Ins. Co. of North Am.*, 269 F. Supp. 2d 612, 627-28 (E.D. Pa. 2003) (denial of disability benefits is not arbitrary and capricious under ERISA simply because of reliance on recommendations of non-treating physicians over those of treating physicians).  As MCMC's decision is supported by substantial evidence, we cannot conclude it acted arbitrarily and capriciously in denying Brandeburg benefits.[3]

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3]Brandeburg also argues that the decision by the Social Security Administration ("SSA") concluding that he is permanently disabled should dictate the same result in an ERISA case.  While an SSA award may be considered as a factor in determining whether an ERISA adminstrator's decision to deny benefits was arbitrary and capricious, it "does not in itself indicate that an administrator's decision was arbitrary and capricious, and [] a plan administrator is not bound by the SSA decision." *Dorsey v. Provident Life & Accident Ins. Co.*, 167 F. Supp. 2d 846, 856 n.11 (E.D. Pa. 2001).

6